IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID A. BUXTON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-322-WKW [WO] |
| | ) | |
| MARK WYATT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the court is Plaintiffs' Motion to Remand (Doc. # 2). Defendant Thyssenkrupp Elevator Corporation ("Thyssenkrupp") filed a response (Doc. # 13), and Plaintiffs replied (Doc. # 14). For the reasons set forth below, the Motion to Remand (Doc. # 2) is due to be granted.

On June 13, 2005, a freight elevator at General Electric Corporation's ("GE") Burkville facility malfunctioned, causing injuries to Plaintiff David A. Buxton ("Buxton"), a chemical operator employed by GE. (Compl. ¶¶ 17, 27 (Notice of Removal Ex. 1 (Doc. # 1)).) It was later determined that a disconnection in the wiring in a control box had rendered the elevator's safety gate inoperable prior to the accident. (Notice of Removal ¶ 19; Compl. ¶ 28.) Buxton and his wife, Plaintiff Annette Buxton (collectively "Buxtons"), filed suit in the Circuit Court of Lowndes County, Alabama, against Thyssenkrupp and ten of Buxton's supervisory co-employees. (*See* Compl. ¶¶ 1-12.) The Buxtons sued the co-employees Defendants under § 25-5-11(b) of the Code of Alabama, a provision of the

Alabama Workers' Compensation Act providing for a cause of action against co-employees for "willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from such removal," § 25-5-11(c)(2).[1]

This case has been removed and remanded once before.  The first time Thyssenkrupp removed the case, it alleged that the non-diverse co-employee Defendants had been fraudulently joined and that the court could properly exercise diversity jurisdiction because Thyssenkrupp is a Florida and Delaware citizen and the Buxtons are citizens of Alabama.  (First Notice of Removal ¶¶ 15, 18-19 (Notice of Removal Ex. 7).)  For purposes of determining complete diversity, courts will ignore any non-diverse party that was fraudulently joined, *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (per curiam),[2] but the removing party has the "heavy" burden of proving fraudulent joinder, *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks omitted).  The Eleventh Circuit recognizes three forms of fraudulent joinder. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Thyssenkrupp asserted joinder for "when there

---

[1] In *Moore v. Reeves*, 589 So. 2d 173 (Ala. 1991), the Alabama Supreme Court interpreted § 25-5-11(c)(2) to cover failures to *maintain or repair*, as well as remove, safety guards and devices.  *Id.* at 178.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant," *id.* (First Notice of Removal ¶ 20.)

Upon motion by the Buxtons, the court remanded because the Buxtons had sufficient circumstantial evidence to "raise[] a possibility that a state court would find that [Buxton] could establish the essential elements of his cause of action against at least one of the supervisory employees." (First Remand Order, 2 (Notice of Removal Ex. 2).) More specifically, the court found "sufficient circumstantial evidence (including evidence from which it could be argued that there was a preexisting external and *visible* defect to the safety gate) [that] raise[d] a possibility that at least one of the supervisory co-employee defendants had knowledge of the need to repair or maintenance." (First Remand Order, 3.) "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants,'" the court explained, it "'must find that the joinder was proper and remand the case to the state court.'" (First Remand Order, 2 (quoting *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001)).) Admitting that "the propriety of removal present[ed] a close call," the court nevertheless resolved doubts, as required by law, in favor of remand. (First Remand Order, 3.)

On April 30, 2008, Thyssenkrupp removed the case again, on the same theory of fraudulent joinder. (*See* Notice of Removal ¶¶ 7, 25 ("[I]t is clear that the Plaintiff has no possibility of stating a valid claim against the co-employees under § 25-5-11(c)(2).").) In the interim between removal notices, the parties proceeded with discovery and took Buxton's

3

deposition. (Notice of Removal ¶ 4.) Evidently, it is Thyssenkrupp's contention that this new discovery alone tips the removal question in its favor. Thyssenkrupp argues that Buxton's deposition fails to describe any willful, intentional removal of a safety device or failure to install one on the part of the co-employee Defendants. (Notice of Removal ¶ 25.) Thyssenkrupp further contends that no cases in Alabama have held that the failure to have a preventative maintenance program is tantamount to removing a safety device or failing to install one. (Notice of Removal ¶ 27.)

Thyssenkrupp's arguments fail again to establish fraudulent joinder. The only additive to the removal equation since the last remand has been Buxton's deposition, and it does not effectively change the outcome. The fact that *Buxton's* deposition fails to support the co-employee Defendants' knowledge before the accident hardly closes Buxton's claims against them. (*See* Notice of Removal ¶ 24.) It is the co-employee Defendants, and not Buxton, who can best testify to their own knowledge or to circumstances from which their knowledge can be inferred, and those Defendants have only submitted untested affidavits (First Notice of Removal Ex. C). The Notice of Removal prematurely cut off the discovery that most directly concerns the factual questions in this case.[3] Thus, because the remand ruling prior to Buxton's deposition found the record contained enough evidence to defeat

---

[3] The Buxtons note, in addition to opposing removal, that removal cut off any opportunity for them to depose the co-employee Defendants. (Mot. to Remand ¶ 8.) The Buxtons also note, and Thyssenkrupp has not disputed, that the state court did not intend to set the discovery deadline until the scheduling conference in August 2008. (Mot. to Remand ¶ 9.)

4

fraudulent joinder (First Remand Order, 3), there is not enough evidence on this record for Thyssenkrupp to carry its burden on fraudulent joinder.[4]

For the foregoing reasons, it is ORDERED that the Motion to Remand (Doc. # 2) is GRANTED.  This case is REMANDED to the Circuit Court of Lowndes County, Alabama.  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 19th day of November, 2008.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[4] The district court must "'resolve all questions of fact . . . in favor of the plaintiff.'" *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (quoting *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)).  In *Legg*, the plaintiffs offered no evidence to dispute the sworn statements from the co-defendants.  *Id.*  Thus, the allegations were a "mere assertion of metaphysical doubt." *Id. Legg's* admonition against assuming a party can prove facts absent evidence, however, seems less applicable to a party whose opportunity to garner facts has been prematurely foreclosed.